UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JARVIS SIMON, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | No._____ |
| v. | § § | |
| WASTEWATER SPECIALTIES, INC., | § § § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Jarvis Simon (referred to as "Plaintiff" or "Simon") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Wastewater Specialties, Inc. (referred to as "Defendant" or "Wastewater"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Simon's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health,

efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Wastewater violated the FLSA by employing Simon and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Wastewater violated the FLSA by failing to maintain accurate time and pay records for Simon and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Simon brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Wastewater resides in the Beaumont Division of the Eastern District of Texas and/or a substantial part of the events or omissions

giving rise to Simon's claims occurred in the Beaumont Division of the Eastern District of Texas.

### III. Parties

8. Jarvis Simon is an individual who resides in Jefferson County, Texas and who was employed by Wastewater during the last three years.

9. Wastewater Specialties, Inc. is a Louisiana corporation that may be served with process by serving its registered agent: Alan Sanders, at 707 W. Front Avenue, Orange, Texas 77630. Alternatively, if the registered agent of Wastewater Specialties, Inc. cannot with reasonable diligence be found at the company's registered office, Wastewater Specialties, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Whenever it is alleged that Wastewater committed any act or omission, it is meant that the Wastewater's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Wastewater or was done in the routine and normal course and scope of employment of Wastewater's officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

11. Wastewater is an industrial cleaning services company; it does business in the territorial jurisdiction of this Court.

12. Wastewater employed Simon as an operator from July 2013 to June 2015.

13. During Simon's employment with Wastewater, he was engaged in commerce or the production of goods for commerce.

14. During Simon's employment with Wastewater, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

15. Wastewater paid Simon on an hourly basis.

16. During Simon's employment with Wastewater, he regularly worked in excess of forty hours per week.

17. Wastewater knew or reasonably should have known that Simon worked in excess of forty hours per week.

18. Wastewater did not pay Simon overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

19. Instead, Wastewater paid Simon at the same hourly rate (i.e., his straight time rate) regardless of the number of hours he worked unless he worked more than forty hours for one of Wastewater's customers.

20. In other words, Wastewater did not count Simon's non-billable time towards its obligation under the FLSA to pay overtime.

21. Wastewater knew or reasonably should have known that Simon was not exempt from the overtime provisions of the FLSA.

22. Wastewater failed to maintain accurate time and pay records for Simon as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

23. Wastewater knew or showed a reckless disregard for whether its pay practices violated the FLSA.

24. Wastewater is liable to Simon for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

25. All operators or other hourly workers employed by Wastewater are similarly situated to Simon because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Wastewater pursuant to 29 U.S.C. § 216(b).

**V. Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)**

26. Simon adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

27. During Simon's employment with Wastewater, he was a nonexempt employee.

28.     As a nonexempt employee, Wastewater was legally obligated to pay Simon "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

29.     Wastewater did not pay Simon overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

30.     Instead, Wastewater paid Simon at the same hourly rate (i.e., his straight time rate) regardless of the number of hours he worked unless he worked more than forty hours for one of Wastewater's customers.

31.     In other words, Wastewater did not count Simon's non-billable time towards its obligation under the FLSA to pay overtime

32.     If Wastewater classified Simon as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

33.     Wastewater knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA.  In other words, Wastewater willfully violated the overtime requirements of the FLSA.

### VI.  Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

34.     Simon adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

35. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

36. In addition to the pay violations of the FLSA described above, Wastewater also failed to keep proper time and pay records as required by the FLSA.

### VII. Count Three—Collective Action Allegations

37. Simon adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

38. On information and belief, other employees have been victimized by Wastewater's violations of the FLSA identified above.

39. These employees are similarly situated to Simon because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

40. Wastewater's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

41. Since, on information and belief, Simon's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

42. All employees of Wastewater, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All operators or other hourly workers employed by Wastewater during the last three years.

43. Wastewater is liable to Simon and the other operators and hourly workers for the difference between what it actually paid them and what it was legally obligated to pay them.

44. Because Wastewater knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Simon and the other operators and hourly workers their unpaid overtime wages for at least the last three years.

45. Wastewater is liable to Simon and the operators and hourly workers in an amount equal to their unpaid overtime wages as liquidated damages.

46. Wastewater is liable to Simon and the other operators and hourly workers for their reasonable attorneys' fees and costs.

47. Simon has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Jury Demand

48. Simon demands a trial by jury.

## IX.  Prayer

49. Simon prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Simon and the other operators and hourly workers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and

   f. all such other and further relief to which Simon and the other operators and hourly workers may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: *Melissa Moore*
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**